IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERRY MARTHELL,

    Petitioner,                No. CIV S-08-0798 EFB P

  vs.

JAMES E. TILTON,

    Respondent.            <u>ORDER</u>

                               /

       Petitioner is a state prisoner without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Respondent moves to dismiss the petition on the grounds that it is untimely. For the reasons explained below, the court finds the motion must be granted.

       Petitioner was convicted in the Sacramento County Superior Court of carjacking, auto theft, assault with a firearm and robbery. Resp.'s Mot. to Dism., Docs. Lodged in Support Thereof ("Lodg. Doc.") 1. He was sentenced to a determinate term of nineteen years in state prison. *Id.* On February 9, 2005, the California Court of Appeal, Third Appellate District, modified the judgment to stay the fifteen-year concurrent sentence imposed for the robbery

1

conviction. Lodg. Doc. 2. The judgment was affirmed in all other respects. *Id.* Petitioner did not seek review in the California Supreme Court.

Petitioner then filed three habeas petitions in California's state courts. The first was filed on February 26, 2007[1] in the Sacramento County Superior Court and was denied on April 19, 2007. Lodg. Docs. 3, 4. The second was filed in the California Court of Appeal, Third Appellate District, on June 10, 2007, and was denied on August 2, 2007. Lodg. Docs. 5, 6. The third was filed on August 16, 2007 in the California Supreme Court and was denied on February 13, 2008. Lodg. Docs. 7, 8. The instant petition was filed on April 8, 2008.

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

However, once a petitioner properly files a state post-conviction application the limitations period is statutorily tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. *See Houston v. Lack*, 487 U.S. 266 (1988). The Court has used the signature dates on petitions as the relevant filing dates, since the signature date is the earliest date on which Petitioner could have turned his petitions over to the prison authorities for mailing.

first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review, that is, when petitioner's time to file a petition for review in the California Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A). The California Court of Appeal modified the judgment on February 9, 2005; therefore, petitioner's conviction became final 40 days later, on March 21, 2005. *See* Cal. Ct. R. 8.264(b)(1) & 8.500(e)(1). The one-year limitations period began running the following day, on March 22, 2005. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until March 22, 2006 to file his federal habeas petition. However, he did not file the instant petition until April 8, 2008. Accordingly, the petition is more than two years late.

Petitioner is not entitled to statutory tolling for the time that his state habeas petitions were pending because his first state habeas petition was not filed until February 26, 2007, after the one-year limitations period had already expired. Once the statute of limitations has expired, it cannot be revived. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, his state habeas petitions did not extend the limitations period, and the instant petition is untimely.

Petitioner states in his opposition that his case should be given "further consideration in light of *Cunningham v. California*." Pet'r's Opp'n at 1. Petitioner may be arguing that he is entitled to a later start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(C), because the Supreme Court in *Cunningham* made a new rule retroactively applicable to cases on collateral review. *See Cunningham*, 549 U.S. 270, 274 (2007) (holding that California's determinate sentencing law violated the Sixth Amendment). If so, petitioner's argument has already been considered and rejected in this Circuit. The Ninth Circuit has held that *Cunningham* did not announce a new rule of constitutional law. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Therefore, petitioner is not entitled to a later start date of the statute of

limitations, and the instant petition is untimely.

Accordingly, it is hereby ORDERED that:

1. Respondent's motion to dismiss this action as untimely is granted.

2. The Clerk is directed to enter final judgment in this matter.

3. The court declines to issue a certificate of appealability as reasonable jurists would not find it debatable that petitioner's application for a writ of habeas corpus is barred by the statute of limitations. *See* 28 U.S.C. § 2253(c)(2); *Morris v. Woodford*, 229 F.3d 775, 780.

Dated: February 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE